# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

## APPLICATION FOR A WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241 BY A PERSON IN FEDERAL CUSTODY

LAURA J. BUTURLA 26742050, Petitioner,
Full Name and Prisoner Number

FEDERAL CORRECTIONAL CAMP
Complete Prison Address (Place of Confinement)

33½ PEMBROKE STATION

DANBURY CT 06811

Case No. 3:07cv1015 (RNC)
(To be supplied by the Court)

v.

DONNA ZICKEFOOSE, Respondent,
(Name of Warden, Superintendent or authorized person having custody of petitioner)
(Do not use *et al.*)

and

_____, Additional Respondent.
(List additional persons having custody of petitioner, if any)

## CONVICTION UNDER ATTACK

1) Name and location of the court which entered the judgment of conviction under attack **United States District Court for the District of New Jersey - Newark, NJ 07102**

2) Date judgment of conviction was entered **July 26, 2005**

3) Case number **04-CR-769**

4) Type and length of sentence imposed **37 month incarceration / 3 YRS supervised release**

5) Are you presently serving a sentence imposed for a conviction other than the conviction under attack in this motion? Yes ___ No **X**

6) Nature of the offense involved (all counts) **1 count tax evasion 1 count wire fraud**

7) What was your plea? (check one)
Not Guilty ___   Guilty **X**   Nolo Contendere ___

8) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

_____

_____

9) If you entered a plea of guilty pursuant to a plea bargain, state the terms and conditions of the agreement **37-46 months incarceration / 3 yrs. supervised release**

10) Kind of trial (check one)   Jury ___   Judge only **X**

11) Did you testify at trial?   Yes ___   No **X**

### DIRECT APPEAL

12) Did you appeal from the judgment of conviction?   Yes **X**   No ___

13) If you did appeal, give the name and location of the court where the appeal was filed, the result, the case number and date of the court's decision (or attach a copy of

the court's opinion or order): United States Court of Appeals for the Third Circuit - Case # 05-3745, Newark NJ 07102, Affirmed, Appeal held on 7/10/06 - Decision filed 8/2/06

14) If you did not appeal, explain briefly why you did not: _____

a) Did you seek permission to file a late appeal? Yes ___ No X

## POST-CONVICTION PROCEEDINGS

15) Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any federal court?   Yes ___ No X

16) If your answer to 15 was "Yes," give the following information:

   a) FIRST petition, application or motion.

      1. Name of court _____

      2. Nature of proceeding _____

      3. Claims raised _____

      4. Did you receive an evidentiary hearing on your petition, application or motion? Yes ___ No ___

      5. Result _____

      6. Date of result _____

      7. Did you appeal the result to the federal appellate court having

jurisdiction? Yes ___ No ___ If you did appeal, give the name of the court where the appeal was filed, the result, the case number, citation and date of the court's decision (or attach a copy of the court's opinion or order)

_____

_____

8. If you did not appeal, briefly explain why you did not _____

_____

_____

b) As to any SECOND petition, application or motion, give the following information:

1. Name of court _____

2. Nature of proceeding _____

_____

3. Claims raised _____

_____

4. Did you receive an evidentiary hearing on your petition, application or motion? Yes ___ No ___

5. Result _____

6. Date of result _____

7. Did you appeal the result to the federal appellate court having jurisdiction? Yes ___ No ___ If you did appeal, give the name of the court where the appeal was filed, the result, the case number, citation and date of the court's decision (or attach a copy of the court's opinion or order) ____

_____

_____

8. If you did not appeal, briefly explain why you did not _____

c) As to any THIRD petition, application or motion, give the following information:

1. Name of court _____

2. Nature of proceeding _____
   _____

3. Claims raised _____
   _____

4. Did you receive an evidentiary hearing on your petition, application or motion?  Yes ___ No ___

5. Result _____

6. Date of result _____

7. Did you appeal the result to the federal appellate court having jurisdiction? Yes ___ No ___ If you did appeal, give the name of the court where the appeal was filed, the result, the case number, citation and date of the court's decision (or attach a copy of the court's opinion or order) ___
   _____
   _____

8. If you did not appeal, briefly explain why you did not _____
   _____

## CLAIMS

17) State concisely every claim that you are being held unlawfully. Summarize briefly the facts supporting each claim. If necessary, you may attach extra pages stating additional claims and supporting facts. You should raise in this petition all claims for relief which relate to the conviction under attack.

In order to proceed in federal court, you ordinarily must exhaust the administrative remedies available to you as to each claim on which you request action by the federal court.

**Claim One:** Under the statutes of the USC 3622 I am eligible for up to a 30 day medical furlough (and I qualify).

(1) Supporting Facts: (Without citing legal authorities or argument state briefly the facts supporting this claim)

Please see attached.

(2) Did you seek administrative relief as to claim one? Yes **X** No ___. If your answer is "Yes," describe the procedure followed and the result. If your answer is "No," explain why you did not seek administrative relief: Did 8 1/2 - (see attached) presented to counselor who in turn presented to Mr. Daly, Head of Medical (?) who said "I'll put you on a call-out for a mammogram". End of administrative remedy as he felt "case closed".

**Claim Two:** _____

(1) Supporting Facts: (Without citing legal authorities or argument state briefly the facts in support of this claim)

(2) Did you seek administrative relief as to claim one? Yes ___ No ___. If your answer is "Yes," describe the procedure followed and the result. If your answer is "No," explain why you did not seek administrative relief: _____

_____

_____

_____

Claim Three: _____

_____

(1) Supporting Facts: (Without citing legal authorities or argument state briefly the facts in support of this claim)

(2) Did you seek administrative relief as to claim one? Yes ___ No ___. If your answer is "Yes," describe the procedure followed and the result. If your answer is "No," explain why you did not seek administrative relief: _____

18) Do you have any petition, application, motion or appeal now pending in any court, either state or federal, regarding the conviction under attack? Yes ___ No X. If "Yes," state the name of the court, case file number (if known), and the nature of the proceeding: _____

19) State briefly why you believe that the remedy provided by 28 U.S.C. § 2255 (Motion to Vacate Sentence) is inadequate or ineffective to test the legality of your detention: __N/A TO MY SITUATION__

Wherefore, petitioner prays that the court grant him such relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

*[signature]*
Petitioner's Original Signature

26742-050
Petitioner's Inmate Number

_____

_____
Attorney's Full Address and
Telephone Number

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he/she is the petitioner in this action, that he/she has read this petition and that the information contained in the petition is true and correct. 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Executed at Danbury FPC on 6/10/07
         (Location)          (Date)

*[signature]*
Petitioner's Original Signature

TRULINCS Inmate E-Message System. 26742050 - BUTURLA, LAURA J - Unit: DAN-O-A
------------------------------------------------------------------------

FROM: 26742050 BUTURLA, LAURA J
TO:
SUBJECT: Buturla 26742-050
DATE: 06/07/2007 10:21 AM

June 7, 2007

COPY

Warden Donna Zickefoose
Federal Correctional Institution
33-1/2 Pembroke Station
Danbury, CT 06811

Dear Warden Zickefoose:

This memorandum is submitted in support of my request for a motion under 18 USC 3582(c)(1)(A) in order to be treated for breast cancer. On May 31, 2007 I was diagnosed with breast cancer at Danbury Hospital.

I attempted to apply for up to a 30-day Medical Furlough with the cost of this medical treatment being borne by my husband's insurance company (Blue Cross & Blue Shield Traditional Plan) of which I am covered 100%. Within hours I was told my application was rejected. According to Blue Cross & Blue Shield any procedure or treatment not initiated by BC&BS would be considered a pre-existing condition for purposes of continued treatment. Although I will need further follow-up treatment, medication, prescriptions, etc. I would not be covered. Therefore I would have to find an alternate way to cover the costs of my medical condition. However, BC&BS will continue treatment upon my release if said treatment was initiated by BC&BS.

Instead I was advised to pursue my request by applying for compassionate release through 18 USC 3582(c)(1)(A). With the recommended 180 day half-way house transition, I am scheduled to be released in March, 2008, approximately 9 months from now.

Warden Zickefoose, I have researched both options. The option recommended by staff would necessitate 6-7 lengthy approval steps and void my insurance coverage for this condition. The 30-day furlough option would enable me to retain my coverage (which is critical), be proactive in my course of treatment, be supported by family and commence my treatment immediately. It seems that the 30-day furlough makes more sense. As I stated previously I have been advised to abandon the 30-day furlough in favor of a more complex and time-consuming longshot.

Faced with the prospect of accepting the current proposed treatment through the BOP versus a course of action (the 30-day furlough) that accomplishes my treatment goals, yet provides for my heath and well-being once I leave BOP custody, I feel that I am caught in a Catch-22. Only because I have been told that the furlough option is no longer an option, I have no choice but to seek relief through 18 USC 3582(c)(1)(A).

According to 18 USC 3582(c)(1)(A) I must also include release plans for your consideration. If approved I would be living with my husband, Phillip Buturla, at 44 Juliette Street, Bayonne, NJ 07002. My husband would support me financially (he is a Firefighter, employed by the City of Jersey City) and I would also be eligible to receive Social Security Disability until I am able to work. As for where I would receive treatment I plan to go to Hackensack Hospital in Hackensack, NJ. My treatment would be paid for by my husbands insurance company (Blue Cross & Blue Shield Traditional Plan) which I am covered 100%.

I realize this memorandum is long, it needs to be in order to convey the urgency of this matter. I truly and sincerely appreciate your time in reading my request.

I am currently an inmate at Danbury Federal Prison Camp convicted of tax evasion. There is no history of violence in my background. I voluntarily surrendered on January 4, 2006 to serve a term of 37 months. I was on bail during the pendency of my case and was granted almost six months in which I was allowed to voluntarily surrender. At no time did I dishonor the trust placed in me by the court, meeting all court dates and surrendering as directed. While at Danbury, I have been designated to camp status and enjoy the privileges of minimal security. At no time have I abused these privileges. I obtained a camp driver's license and am permitted to drive as well as operate a snow plow within a broader range of distance than the camp perimeter. Again, I have never abused the trust placed in me. Most significantly, I have been designated by my female custody classification and the institution, as of the time of my last team meeting, to be "no public safety factor" and recently had the privilege of a overnight furlough (May 23-24, 2007) from the facility.

PLEASE READ
REVERSE SIDE

TRULINCS Inmate E-Message System. 26742050 - BUTURLA, LAURA J - Unit: DAN-O-A
--------------------------------------------------------------------------------

During the more than 18 months of my incarceration, I have never been the subject of an incident report or any other disciplinary action. I have worked for eighteen (18) months in Out-Construction and now hold the job of clerk/driver/trainer which is level one, the highest grade of employment with a work performance rating of "outstanding". I have completed all educational requirements and fulfilled the requirements of pre-release classes. In addition, I voluntarily participated in any and all vocational, educational and extra-curriculum programs available at the camp. These programs include an eighteen week non-residential drug treatment program, a twenty-two week program conducted by Dr. Rentler on the subject of changing criminal behavior, and a 5-day intensive life skills program conducted by Pastor Ernestine, and all hobby classes. I am an active member of the religious community at Danbury, serve on the TV Committee, have served on the holiday committee, and have voluntarily participated in the annual fund raising drive (albeit stuffing envelopes) of the local Wilton Fire Department. My Program Reviews will verify the above.

While "rehabilitation" is an on-going, indeed perhaps even a lifelong process, I have taken all steps necessary to ensure my successful reentry into the community.

Sometimes people come into our lives and you know right away that they were meant to be there, to serve some sort of purpose. On the morning of May 31st I realized exactly why Ms. Perkins, my counselor and Ms. Chappa, the camp administrator, were put in my life. I learned that day that heroes are the people who do what has to be done when it needs to be done, regardless of the consequences. When I first found the lump in my breast in the shower on the morning of May 31st and all that ensued with medical afterwards, to the gut-wrenching diagnosis of cancer, the possible need for mastectomy or lumpectomy and the incredible fear I have that I will die or not get the best possible care in order to save my life I am asking you today to please allow me the privilege of you supporting me in my request for a motion under 18 USC 3582(c)(1)(A).

Whether the cancer can be cured or not may be uncertain right now but I ask that I be given the opportunity to be pro-active in my treatment and decisions as well as to secure the team of doctors and experts I will need for my treatment and recovery and to be surrounded by my family during this critical, emotional and difficult time.

One of the ways in which people have tried to make sense of ones suffering has been by assuming that we deserve what we get, that somehow our misfortunes come as punishment for our misdoings. Maybe this is how some of the staff feel. At least that is how I felt on May 31st when no one (Dr. Green, the gynecologist who was here that day but refused to see me as I was not on his callout; Ms. Hertel, the nurse who was here that day but refused to see me; and Mr. Daly, the head of medical who also refused to see me that day but instead said to me "I'll put you on a call-out for a mammogram".) To be placed on a callout for a medical procedure here can take 2 to 3 months. Also it is not as if Dr. Green is here everyday. Perhaps once a month Dr. Green is here so that day was critical to see him. If it wasn't for Ms. Perkins' persistence, tenacity and her take no for an answer attitude, things could have been a lot worse.

Yes I did wrong but I am here for tax evasion not some horrendous violent crime. I beat myself up everyday for what I did and how my actions have affected every fiber of my being. My familys' (husband and daughters) lives have been turned upside down because of me. I live with this guilt everyday. I have paid an incredibly high price for my actions but I would like to be judged by the person I have become. One who has accepted responsibility for her actions. One who has genuinely changed through institutional programs and counseling.

I'm sure you would agree that when there's something you really want, we have to fight for it. We can't give up no matter how hopeless it seems and when we have lost hope ten years from now we're going to wish we gave it just one more shot. I hope you realize I have to give this a shot, asking your mercy for some sought of release and relief, or live with the regret of not doing it. Warden Zickefoose, I don't want to die here or in any prison. I just want to be surrounded by my family, to be given the opportunity to take an active role in my treatment. According to the hospital, good communication with my physician and treatment team is vital. They told me to write down questions, ask my doctor why he or she recommends a certain treatment regimen and what the expected risks and results are. The doctors tell me I'll want to know what other options are available and also the fact that I may want to get a second opinion. Most importantly I'm told to avoid isolation. To talk about my feelings with my spouse, children and close friends.

While here I have had a lot of time for self-reflection. I've learned that you shouldn't compare yourself to the best others can do, but to the best you can do. I've learned that it's not what happens to people that's important, it's what they do about it. I've learned that you can do something in an instant that will give you heartache for life. I've learned that no matter how thin you slice it, there are always two sides. I've learned that our background and circumstances may have influenced who we are, but we are responsible for who we become. I've learned that it takes years to build up trust and only seconds to destroy it. I've learned that it's not what you have in your life, but who you have in your life that counts. I've learned, I've learned, I've learned, so many things

TRULINCS Inmate E-Message System. 26742050 - BUTURLA, LAURA J - Unit: DAN-O-A
------------------------------------------------------------------------------
------------------------------------------------------------
and I've learned that I need to ask your help Warden in securing this request.

And finally I've learned that everyday of life must be lived to the fullest, life is about smiling, laughing and crying, life is about making the most of what you have and what you're given, it's about keeping relationships and losing them, life is about falling in love and losing someone you do love, life was given to us as a challenge, and it's not easy, but I have to try and meet that challenge and make the most of it while I can because I don't actually know when it will be my turn to lay down to rest, I only have one shot at life, so I have to make sure I take it with both hands and squeeze every little drop out of it. I don't know if I continue even today, always liking myself, but what I have learned to do was to forgive myself and to move on with life.

To expedite the process, to assist my husband of 30 years, daughters and admittedly to aid me emotionally, I wish the opportunity to participate in all decisions regarding my health. The decision by you, Warden Zickefoose, to grant this request would mean a great deal to both myself and my husband. We have endured, admittedly because of my behavior, long periods of separation due to my charge and the subsequent federal tax case. Emotionally and financially it has been very, very difficult. To have my husband endure this process alone is very difficult. We have been together for 36 years (30 married) and to not have him to support me emotionally during this critical period is devastating. I would very much like to have the opportunity to reconnect to him, to make decisions regarding my surgery and treatment and to be able to look to our future together.

I respectfully request that my request for relief be granted. I have been a "model" inmate, participating and successfully completing all programs and activities available at the camp. I have worked hard and have obtained a genuine level of responsibility. I have demonstrated a steadfast commitment to rehabilitation. And I have never been disciplined or sanctioned for inappropriate conduct.

I'm praying and hoping you will allow me the privilege and opportunity to be granted this request for medical treatment as well as family support through this difficult time by approving a motion under 18 USC 3582(c)(1)(A).

In closing, it is always good to be reminded that the system has flaws and that despite its important public safety purposes, people make mistakes and people can be redeemed. The rehabilitative function of the criminal justice system can work. The key is to have a system that is flexible and that can recognize when people are ready to return to society.

For all this, I would be grateful.

Respectfully submitted,


Laura Jean Buturla
Inmate No. 26742-050


TRULINCS Inmate E-Message System. 26742050 - BUTURLA, LAURA J - Unit: DAN-O-A

---

FROM: 26742050 BUTURLA, LAURA J
TO:
SUBJECT: Chronological Detail
DATE: 06/09/2007 02:31 PM


COPY

May 31st - at 6:15 p.m. in the shower found a very large lump, went to computer class but could not concentrate, around 9:15 saw that Dr. Greene was here, went to the door (it was open) and standing outside the door poked my head in very little and Ms. Hertel came to the door. Asking her if I could wait to the end of Dr. Greene's appointments as I found a lump in my breast. She told me she was with a patient and if I didn't leave (meanwhile I was outside the door NEVER inside) she would have the guards remove me physically. I then went to Ms. O'Sullivan and told her what happened. She called the nurse/doctor to see if they would see me. They told her I wasn't on the callout and to go to sick call. At sick call I would have to make an appointment to see the doctor. Ms. Santini who heads sick call was on vacation. Anyway I was really upset and worried so I went to Ms. Perkins, my counselor. I asked for an 8-1/2 and she asked me why. I told her the situation. She immediately went up to see the doctor. He ignored her. Told her no they wouldn't see me. She came back to her office and told me to do my 8-1/2. I did my 8-1/2 and gave it back to Ms. Perkins within a 1/2 hour. Now this being Thursday it was main line so people who are normally not here are here this day. Mr. Daly, head of medical was here and Ms. Perkins gave him my 8-1/2. He said he would handle it. They called me and Mr. Daly took me into haircare and closed the door and berated me for filing an 8-1/2. Threatening me with the SHU and telling me his staff did the right thing. I asked if I could see the doctor and he said no he would "schedule a mammogram for me". That could take 2-3 months alone. Anyway he felt he resolved the 8-1/2 and left. When Ms. Perkins found out what he did she was mad. She then went to Ms. Chapa. Ms. Perkins came to my cube and apologized for Mr. Daly telling me he had no right threatening me with the SHU and she would not have let him put me in the SHU. She told me to see Ms. Chapa who was with Ms. Ritter, the medical administrator. They took me into the room we refer to as "Macy's" and Ms. Ritter examined my breast. She then went to Dr. Greene and told him he had to see me. Then she told me to wait on line and Dr. Greene would see me. When I finally got in to see Dr. Greene, him and Ms. Hertel were very cool to me, guess they didn't like all the noise I made. Anyway after examining me Dr. Greene called Ms. Ritter and told her I had to go to the hospital immediately. They arranged a medical furlough for me to go to Danbury Hospital for a mammogram and ultrasound. The staff at Danbury Hospital could not be nicer. After my ultrasound the doctor came in (asian woman) and told me I had a 2 cm. tumor and it was cancerous. The next step would be the surgeon but they need the BOP to okay it. I was sent back to the FPC.

June 1 - Saw Ms. Chapa at main line. We discussed the results. She said she would act on this matter.

June 3 - Did a 30-day furlough request, gave to Ms. Perkins. Furlough was for 30-day medical or 5-day family crisis. Put a copy of the furlough request under Ms. Chapa and Ms. Ferris door (in an envelope). Ms. Perkins said they will see what can be done.

June 4 - Called to Ms. Perkins office. Ms. Chapa was on phone. Told me they know I'm probably freaking out and why is nobody seeing me, etc. Said she would like to meet with me with herself, Ms. Ritter and Dr. D'Avirro(?) either today or tomorrow to discuss what I can expect, etc. ... She also asked me to hold off on any paperwork as they would move quickly. Informed me that the 30-day furlough was not going to happen. Said the Warden would not approve. At the end of the day 3:00 Ms. Perkins was leaving her office and asked me to walk and talk with her. She said the 30-day medical furlough was not going to happen but that they were considering the family crisis furlough. In talking with her she said everyone (Assistant Warden, Ms. Ritter, Ms. Chapa and others) had all looked into the medical furlough but they recommend I apply for compassionate release, a very long drawn out procedure. I also spoke with Ms. Ferris who informed me to apply for compassionate release and gave me regulations for compassionate release. I asked for an additional 100 minutes for my phone and was told to speak to Ms. Chapa about it. I was also informed that my family could not be at the hospital with me, could not call, etc. or I would have a state charge for breach of security. At end of day no one had spoken to me as Ms. Chapa said. Sent out letter to Judge Greenaway, sent email to John Yauch, Esq. and sent Compassionate Release request to Warden.

June 5 - Saw Ms. Perkins and she said I was being sent to the surgeon tomorrow. As of this day still no one has sat down to talk to me like Ms. Chapa said.

June 6 - Went out on Medical Furlough to see Dr. Vijay Patil at Danbury Surgical Associates at 46 Federal Road, Danbury, CT 06810. Very nice doctor. Told me tumor/lump was 3 cm. Don't know why doctor at Danbury Hospital lied to me. Anyway he also found a lymph node under my arm. Did an axillary biopsy under my arm and a core biopsy on my right breast. Said the facility would have the results Friday. Redid Compassionate Release request as I quoted 4205(g) instead of the one I should and sent to Warden.

June 7 - Went to Ms. Santini (PA) to have my bandage changed and she said my tumor/lump was 4 cm. Scared the hell out of me. I said I was told 3 and what did she know that I didn't. She back pedaled and said she was talking to Dr. Greene and he said it was 3-

TRULINCS Inmate E-Message System. 26742050 - BUTURLA, LAURA J - Unit: DAN-O-A
----------------------------------------------------------------------------------

4. Went to Ms. Perkins and said could someone tell me what size it is because I am scared. She said to listen to Dr. Patil. Went to Ms. Ferris to ask about Furlough and she said no one brought it to her attention or discussed it so go see Ms. Chapa. Also met with Ms. Chapa in Ms. Perkins office. Said very bluntly that medical furlough was dead, I asked about 5 day family crisis furlough and she said no way, Warden would not approve. I asked if I could have 100 extra phone minutes and she said no, again Warden would not approve. Said as soon as results come in tomorrow they will schedule me for surgery. The most I would have to wait is one week. Also said after surgery then they would take care of me medically for treatment.

June 8 - NO RESULTS. No one said a word to me. It was as if no one cared and my life could just hang in the balance. Dr. Greene and Ms. Hortel were here and they never called me to say anything. I noticed them leaving and ran after and called Dr. Greene but he did not turn around and since he was approaching his car I could not go further because we are not permitted to be anywhere near staff or their cars. Now he knows my situation and just out of an act of decency he should have called me to say at least how are you and something to the effect of we haven't heard anything yet or whatever but he didn't. Ms. Santini saw and didn't say anything and Ms. Chapa was here and never said anything so now I nervously sit and wait until Monday for the results.

June 9 - Can't eat, sleep, etc. every moment my mind is consumed with fear. My brain right now is so overloaded it's unbelievable. Working on a 2241. Will do everything possible to have my case heard.



COPY

ADMINISTRATIVE REMEDY PROCEDURE FOR INMATES
INFORMAL RESOLUTION FORM

**NOTICE TO INMATE**: You are advised that prior to receiving and filing a Request for Administrative Remedy Form, you **MUST** attempt to informally resolve the complaint through your Correctional Counselor. Briefly state complaint below and list what efforts you have made to resolve your complaint informally. Also, please state names of staff contacted.

Date Informal Resolution Form Issued by Correctional Counselor: 5/21/07

INMATE'S NAME: LAURA J. R_____  NUMBER: _____  QUARTERS: CAMP H-24

1. Complaint: THIS MORNING ___ ___ ___ ___ ___
   WITH A LUMP THE SIZE ___ ___ ___ ___
   VACATION: AFTER BIRD ___ ___
   NEVER ENTERING) AND ___ ___ ___
   CAME TO THE DOOR AND ___

2. Efforts made to informally resolve
   WENT IMMEDIATELY ___

Names of Staff contacted: ___

Inmate's Signature: ___     Register Number ___

**CORRECTIONAL COUNSELOR'S COMMENTS**:

1. Date Returned to Correctional Counselor:

2. Efforts made to informally resolve:

3. Names of Staff contacted:

Date Informally Resolved
   Or
   Date Issued:                                                       (Counselor)

Distribution:  I.  If complaint is informally resolved, forward original to Warden (Attention: Program Coordinator)

               II. If complaint is NOT informally resolved, forward original attached to Administrative Remedy Form to Warden (Attention: Program Coordinator)

THE ROOM BY ___
WAIT UNTIL THE ___
STARTED (NO HEL ___
AT THAT POINT MY ___
"DIDN'T YOU HEAR ___
HAVE THE GUAR ___
POINT SHE SH ___
ATTEST TO ONE ___
TO FINDING A ___

ONESTLY SINCE I
HAVE BEEN TO SEE MI
ACTION SEES ME
HE SITUATION CAN
DISRESPECTFUL OR
HE WOULD HAVE
THREATENING AND
O MY COUNSELOR
ND EXPLAINED MY
MEDICAL AND
WHEN THE ISSUE
TERCEDE. I'M
T TREATED
APPENS AND A
OULD NOT TALK
T A
RATED SO RUDELY
DO NOT TREAT
HATTER) WITH
EN BY A

June 1, 2007 UPDATE

I RETURNED FROM THE HOSPITAL LAST NIGHT AT APPROXIMATELY 6:30 PM WITH A DIAGNOSIS OF BREAST CANCER. THIS IS A FOLLOW-UP TO MY MAMMOGRAM 8½ WEEKS LATE DUE TO YES HE MS. PERKINS GAVE IT TO MR. MAY AN INTERN WHO THEN SAW ME. HE BROUGHT ME INTO THE HAIR CARE ROOM AND BERATED ME FOR MY 8½ and THREATENED ME WITH THE SHU. WHEN ALL WAS SAID AND done HE REFUSED TO LET ME SEE THE DOCTOR. INSTEAD HE SAID HE WOULD PUT ME ON THE CALL-OUT FOR A MAMMOGRAM WHEN MS. PERKINS FOUND THIS OUT AGAIN IMMEDIATELY SHE FOUND ME AND BECAUSE OF HER TENACITY, PERSEVERANCE AND WON'T TAKE NO ATTITUDE SHE HAD ME SEE MS. CHARVH WHO HAD ME SEE MS. RITNER WHO INTERN HAD THE DR. SEE ME. THIS WAS TOTALLY UNPROFESSIONAL MY HEALTH CRISIS

2. You must provide the court with an original and a copy of the habeas corpus petition to be served on each named respondent. You should keep an additional copy of the petition for your own records. All copies of the petition must be identical to the original.

3. On a single habeas corpus petition, you may challenge the judgment of only one court. If you seek to challenge several judgments entered by different courts in different cases, you must file separate petitions as to each judgment.

4. When your habeas corpus petition is completed, it should be mailed with the necessary copies and filing fee or motion for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 to the Clerk's Office of the United States District Court at the following address:

> Office of the Clerk
> United States District Court
> 915 Lafayette Boulevard
> Bridgeport CT  06604

5. You must furnish the court with an original of all motions, pleadings, correspondence or other documentation submitted to the court for filing and consideration. In addition, you must furnish the respondent(s) or his or her attorney with a copy of all such documents submitted to the court. Each original document (except the original habeas corpus petition) must include a certificate stating the date a copy of the document was mailed to the respondent(s) or his or her attorney and the address to which it was mailed. Any document received which fails to include a certificate of service may be disregarded by the court or returned. An example of a certificate of service is:

I hereby certify that a copy of the foregoing pleading/document was mailed to _Warden_ (respondent(s) or counsel for respondent(s)) at _FCI Danbury_ (address) on _June 10_, ~~18~~ 2007
through inmate mailbox

_[signature]_
Original Signature of Petitioner

6. The United States District Judges, the United States Magistrate Judges, the clerk of the court, deputy clerks and staff attorneys are officers of the court and are prohibited from giving legal advice. Legal questions should be directed to an attorney.

2